Nazif EMRULOSKI, Petitioner,

v.

John ASHCROFT, Attorney General of the United States; Immigration and Naturalization (INS) District Director, Respondents.

No. 01–4083.

United States Court of Appeals, Third Circuit.

Submitted July 26, 2002.

Decided Aug. 1, 2002.

Before SLOVITER, NYGAARD, and BARRY, Circuit Judges.

## OPINION OF THE COURT

NYGAARD, Circuit Judge.

Petitioner, Nazif Emruloski seeks review of the dismissal by the United States Board of Immigration Appeals ("the Board") of his motion to reopen proceedings. The action commenced when Emruloski, a native and citizen of Macedonia, applied then withdrew his application for asylum and withholding of removal. Almost two years later, he filed a motion to reopen seeking withholding of removal under the Convention Against Torture. The Immigration Judge denied relief and was later affirmed by the Board. The decision to deny was based on Emruloski's motion being filed out of time and his failure to establish a prima facie case under the Convention Against Torture. We will deny Petitioner's petition and affirm the Board's dismissal. We have jurisdiction to review the Board's dismissal of Petitioner's motion to reopen. *Sevoian v. Ashcroft*, 290 F.3d 166, 169 (3d Cir.2002) citing *Khourassany v. INS*, 208 F.3d 1096, 1100 (9th Cir.2000) (holding that the Board's denial of a motion to reopen is reviewable by the federal court of appeals).

Emruloski alleges that he fled Macedonia when he was being recruited to join the Serbian Army. He refused to join the army because he did not want to be ordered to kill his fellow countrymen. As a result of his refusal to join, he alleges that he was the subject of constant harassment and abuse, leaving him no other choice but to flee the country out of fear of its continuing unrest. He entered the United States on September 20, 1993 with authorization to remain until December 19, 1993. On February 27, 1997 while still in the United States, Emruloski filed an application for asylum and withholding of removal. He subsequently withdrew that application on July 7, 1998, during proceedings, and was granted voluntary departure. He promised to depart the United States on or before November 4, 1998.

On February 24, 2000, Emruloski, still residing in the United States, received a "Bag and Baggage" letter from the Immigration and Naturalization Service. He subsequently filed a motion to reopen proceedings on March 15, 2000, requesting a withholding of removal under the Convention Against Torture. The Immigration Judge denied the motion holding that it was untimely filed. She further held that Emruloski did not provide any evidence that would prove unrest, forced recruitment or combat in Macedonia. The timing of petitioner's motion in conjunction with the reception of the "Bag and Baggage" letter led the Immigration Judge to conclude that the motion's filing was "merely a dilatory tactic." A.R. 51.

On appeal, the Board dismissed the petition and affirmed the Immigration Judge's denial of relief. The Board held that the motion was filed out of time and Emruloski did not meet the evidentiary burden of showing that it is more likely than not that

he would be tortured if removed to Macedonia for the purposes of relief under the Convention Against Torture. Emruloski submitted additional evidence on his appeal, which the Board could not consider but noted that the new evidence was insufficient to warrant reopening the proceedings.

We review the Board's decision to dismiss Emruloski's appeal for an abuse of discretion and review the Board's factual findings for substantial evidence. *Sevoian,* 290 F.3d at 174 (holding that when the Board or an Immigration Judge denies reopening on prima facie case grounds both substantial evidence and abuse of discretion standards should apply). *See also Kamalthas v. INS,* 251 F.3d 1279, 1281 (9th Cir.2001); *Najjar v. Ashcroft,* 257 F.3d 1262, 1304 (11th Cir.2001) (applying both substantial evidence and abuse of discretion standards). Under an abuse of discretion standard, the Board's decision should only be reversed if it is arbitrary, irrational or contrary to law. *Sevoian* 291 F.3d at 174 *quoting Tipu v. INS,* 20 F.3d 580, 582 (3d Cir.1994). Under the deferential substantial evidence standard, the Board will only be reversed if factual evidence not only supports but compels a contrary conclusion to the Board's decision. *Abdille v. Ashcroft,* 242 F.3d 477, 483–84 (3d Cir.2001) citing *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

■ Petitioner seeks review of his motion to reopen proceedings for withholding of removal under the Convention Against Torture. The relief sought falls under Article 18 of the Convention because of the date on which the final order for removal was issued.

An alien under a final order of deportation, exclusion, or removal that became final prior to March 22, 1999 may move to reopen proceedings for the sole purpose of seeking protection under [withholding of removal of the Convention Against Torture]. Such motions shall be governed by §§ 3.23 and 3.2 of this chapter, except that the time and numerical limitations on motions to reopen shall not apply ... The motion to reopen shall not be granted unless: (i) The motion is filed within June 21, 1999; and (ii) The evidence sought to be offered establishes a prima facie case that the applicant's removal must be withheld or deferred [when it is more likely than not that he or she would be tortured if removed to the proposed country of removal]. 8 C.F.R. § 208.18(b)(2).

Emruloski's final order of removal was issued on July 7, 1998.[1] He filed his motion to reopen on March 15, 2000, after the June 21, 1999 deadline, with no explanation or reason for his tardiness. Additionally important is the Immigration Judge's determination that the motion to reopen proceedings was a dilatory tactic. The Judge's conclusion was based on the facts that Petitioner did not contact his lawyer until after he received his "Bag and Baggage" letter, which was over a year past his voluntary departure deadline. After the passing of the legislation effecting the Convention Against Torture, Petitioner had three months in which he could have brought his motion to reopen for a hearing on the merits. Instead of exercising this option, Petitioner's actions point to the possibility that he attempted to evade the

---

1. On July 7, 1998, Emruloski was originally granted voluntary departure in lieu of removal on or before November 4, 1998. The final order states, "if respondent fails to depart as required, the above order shall be withdrawn without further notice or proceedings and the following order shall become immediately effective: respondent shall be removed to Macedonia on the charge(s) in the Notice to Appear." A.R. 107.

system until it could no longer be avoided. Under the regulations, Emruloski's motion to reopen was untimely. The Board appropriately affirmed the Immigration Judge's denial of relief. Hence, neither the Board nor the Immigration Judge acted arbitrarily, irrationally, or contrary to law in dismissing Petitioner's motion to reopen on the basis of untimeliness.

■ Petitioner argues that the Board, in *Matter of J–J–*, 21 I & N Dec. 976, 1997 WL 434418 (BIA 1997), held that an exception to the regulatory 90 day filing deadline exists for motions for reopening related to changed circumstances in the country of nationality. In *Matter of J–J–*, the Board suggested that in exceptional situations it could grant reopening *sua sponte*, regardless of limitations. This exception to the time limitation in *Matter of J–J–* is to be applied on a case-by-case basis by the Board and we give great deference to the Board's decision of what qualifies as an exceptional situation. Since the Petitioner's evidence supporting his motion to reopen was the same offered in his original motion for asylum and withholding of removal, it is not unreasonable to conclude that it does not create an exceptional situation. Similarly, the new evidence offered by Petitioner on appeal to the Board (consisting of reports from the U.S. Department of State) was not newly discovered nor did it provide proof of changed country conditions. Thus, the Board did not abuse its discretion by failing to consider Petitioner's situation exceptional

■ Even if Petitioner's circumstances were considered exceptional and the time limitations were disregarded, he must also offer evidence establishing the prima facie case under the Convention Against Torture. The burden on the Petitioner is to show "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2). This standard requires Petitioner to make an objective showing that he is entitled to relief. *In re J–E–*, 23 I. & N. Dec. 291, 302, 2002 WL 481156 (BIA Mar. 22, 2002) ("[The standard] has no subjective component, but instead requires the alien to establish by objective evidence."). We stated in *Sevoian*, "the prima facie case standard for a motion to reopen under the Convention requires the applicant to produce objective evidence showing a reasonable likelihood that he can establish that he is more likely than not to be tortured." 290 F.3d at 175.

The Board found that Petitioner "failed to provide any documentary evidence with his motion to reopen or to establish that country conditions have changed." A.R. 3. The Board indicated that the statements made by Petitioner in his motion were entitled to no evidentiary weight. Emruloski provided new evidence to the Board on his appeal in the form of reports issued by the United States Department of State. Recognizing that this newly attached evidence could not be considered as part of the record on appeal, the Board suggested that this evidence with the existing record would still not satisfy the requirements to reopen the proceedings.

Similar to *Sevoian*, the finding that Emruloski lacked sufficient supporting evidence indicates that the Board reviewed the evidence and came to a conclusion based on the gathered facts. 290 F.3d at 175 ("The Board's reference to 'insufficient evidence' indicates that it weighed the evidence and found it lacking, and thus made a factual finding about Sevoian's claim."). As a factual finding, the Board's conclusion is scrutinized under the substantial evidence standard.

The Convention defines torture as,

Any act by which severe pain or suffering, whether physical or mental, is inten-

tionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity. 8 C.F.R. § 208.18(a)(1).

It proceeds by limiting the definition, stating, "torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture." 8 C.F.R. § 208.18(a)(2).

There is no evidence to suggest that a reasonable factfinder would have been compelled by the evidence to find contrary to the Board's decision to dismiss under the Convention Against Torture. The makeup of Emruloski's evidence on the original record consisted of statements from his own affidavit and an onslaught of newspaper and other articles. They contained no evidence of conscription (or torture for avoiding it) as also concluded by the Board and Immigration Judge. Even considering the evidence entered on appeal from the U.S. Department of State, Petitioner still does not provide evidence of the extreme form of cruel and inhuman treatment, which constitutes torturous conditions. More specifically, the reports from the U.S. Department of State do not report that citizens who avoid forced recruitment are subject to torturous conditions or treatment. The evidence on appeal only supports the Board's decision that Emruloski failed to meet his burden and to dismiss the appeal.

Petitioner argues that the Board abused its discretion when it did not accept Emruloski's factual allegations as true. However, under the required standard, "objective evidence that the alien will be persecuted is necessary." *Kashani v. Immigration and Naturalization Service,* 547 F.2d 376, 379 (7th Cir.1977). Emruloski's assertions that he fears he will be tortured if returned to Macedonia will not suffice without corroboration. *Id.*

Additionally, taking Emruloski's allegations as objective statements of fact, he asserts that his failure to submit to conscription with the Serbian Army resulted in constant harassment and abuse. This does not amount to torture as protected under the Convention nor does it amount to grounds for Emruloski's belief that he would be tortured or killed if he returned to Macedonia. Therefore, we conclude that the Board's factual findings are supported by substantial evidence and that it did not abuse its discretion.

For the foregoing reasons, this petition for review is denied and the decision of the Board of Immigration Appeals is affirmed.